UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALLEN VAUGHN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:12-cv-1578-TWP-TAB |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Allen Vaughn, Jr., seeks a writ of habeas corpus to invalidate a prison disciplinary proceeding identified as No. ISR 12-08-0135. In the challenged proceeding, Vaughn had been charged with and found guilty of violating a prison rule prohibiting inmates from possessing intoxicants. Vaughn was sanctioned with a written reprimand, the loss of his housing assignment, a period of loss of work eligibility, the permanent loss of contact visits, and six months in disciplinary segregation.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant A is in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* In order to proceed, Vaughn must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). A[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the ≻severity= of an actual or potential

restraint on liberty.@ *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996).

The sanctions imposed on Vaughn in No. ISR 12-08-0135 were non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). When no recognized liberty or property interest has been taken, which is the case here, the confining authority Ais free to use any procedures it choses, or no procedures at all.@ *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

Because Vaughn's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/20/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Allen E. Vaughn, Jr.
DOC #103933
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064