UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALLEN VAUGHN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:12-cv-1578-TWP-TAB |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Motion for Relief from Judgment**

This matter is before the Court on Petitioner Allen Vaughn's ("Mr. Vaughn"), Motion for Relief from Judgment (Dkt. 5). On November 20, 2012 Mr. Vaughn's Petition for Writ of Habeas Corpus was dismissed by this Court.

Mr. Vaughn is a state prisoner. The motion for relief from judgment was signed by Mr. Vaughn, an at the Pendleton Correctional Facility, a state prison, on December 12, 2012. Applying the prison mailbox rule, the motion for relief from judgment is considered to have been filed the date it was signed and given to prison authorities for mailing. That date was less than 28 days after the entry of judgment on the clerk's docket.

Given the timing of the motion to reconsider relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label

affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). Mr. Vaughn's vague assertion that the summary dismissal "is based on the wrong applicable standards of decisional law" is particularly unpersuasive as the motion fails to assert with any specificity what error he alleges was made and what "decisional law" could have brought forward a different outcome.

In in this case, there was no manifest error of law or fact. The court did not misapprehend Vaughn's claims, nor did it misapply the law to those claims. Accordingly, the post-judgment motion, treated as a motion to alter or amend judgment [Dkt. 5], is **denied.**

    **IT IS SO ORDERED.**


Date: 01/02/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Allen E. Vaughn, Jr.
DOC #103933
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064