UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALLEN E. VAUGHN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:12-cv-1578-TWP-TAB |
| | ) | |
| CRAIG HANKS, | ) | |
| | ) | |
| Defendant. | ) | |

**E N T R Y**

This action in which a state prisoner sought a writ of habeas corpus was dismissed in the Judgment entered on the clerk's docket on November 20, 2012. The Entry issued concurrent with that Judgment explained that although the petitioner was disciplined in No. ISR 12-08-0135 he was not sanctioned with the loss of a protected liberty interest. This rendered it impossible for him to satisfy the "in custody" requirement of the federal habeas statute.

The petitioner's motion for relief from judgment was filed within 28 calendar days from the entry of judgment on the clerk's docket. Based on its timing and on its content, the motion was treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure.* The motion was denied on January 2, 2013.

The denial of the motion to alter or amend judgment was followed with the petitioner's motion for reconsideration filed on January 31, 2013. That motion is treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal*

*Rules of Civil Procedure.*

In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The motion for reconsideration does not show either of these circumstances. Additionally, relief from judgment under Rule 60 is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986). The motion to reconsider does not establish or even suggest that this is the case here. Instead, the motion to reconsider argues in very generic terms that the court committed legal error in summarily dismissing the action. This is not a valid basis upon which relief can be granted under rule 60(b). *See Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground.").

Based on the foregoing, therefore, the motion for reconsideration [Dkt. 7], treated as a motion for relief from judgment, is **denied.**

**IT IS SO ORDERED.**

Date: 02/26/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Allen E. Vaughn, Jr.**
**DOC #103933**
**Pendleton Correctional Facility**
**Inmate Mail/Parcels**
**4490 West Reformatory Road**
**Pendleton, IN 46064**